UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
DIANE VITALE,

        Plaintiff,                           **MEMORANDUM ORDER**
                                                    02-CV-4623(JBW) (JMA)
   -against-

THE ABBOTT LABORATORIES, et al.,

        Defendants.
-----------------------------------------------------X

A P P E A R A N C E S:

Geri S. Krauss, Esq.
Krauss, P.L.L.C.
488 Madison Avenue
New York, New York 10022
*Attorney for Sybil Shainwald, Esq., movant*

David S. Ratner, Esq.
Morelli Ratner, L.L.P.
950 Third Avenue
New York, New Yor 10022
*Attorney for opponent*

**AZRACK, United States Magistrate Judge:**

       By order of January 12, 2006, the Hon. Jack B. Weinstein of this Court directed the law firms of Benedict P. Morelli & Associates, P.C. and its successor, Morelli & Ratner, P.C., to turn over to Sybil Shainwald, Esq. by hand within seventy-two (72) hours files of plaintiffs set forth on accompanying lists, among them the file of Diane Vitale. The lists consisted of plaintiffs who had designated Sybil Shainwald, Esq. as the attorney who should represent them in their DES cases in this Court. David Ratner, acting on behalf of the firms, did not turn over the file of Diane Vitale. When efforts to obtain the file had failed and counsel from the Morelli firm refused to discuss the issue with counsel for Shainwald, Shainwald's attorney sent a letter to Judge Weinstein following which an incomplete file materialized. It lacked the settlement folder and the electronic files. Specifically, according to counsel, in a case where the settlements were being determined on the basis of the market share of the DES manufacturer/defendant in the year of the plaintiff's birth, the folder contained nothing about which defendant had settled for how much

and how the proceeds had been disbursed. Also significant, attorney Shainwald had seen medical reports concerning DES exposure in the files, without which, according to counsel, a defendant would not settle a claim.

In light of having had to seek judicial intervention to obtain the file, as a sanction for Ratner's noncompliance with the order of January 12, 2006, Shainwald moves for an award of attorney's fees. Specifically, Geri Krauss, Esq. has submitted an affidavit ¶11, which sets forth 8.5 hours of attorney time at $500 per hour, and a reply affidavit ¶13, which seeks 3 additional hours for preparing her response to the opposition. She also seeks compensation for .5 hour of time devoted to writing a letter and client discussions in order to obtain the file of Tina Mustacchia, another DES plaintiff whose file was covered by Judge Weinstein's January 12, 2006 order.

In opposing the application, Ratner avers that the Morelli law firm represented Vitale in settlements with several defendants through July 2007 with Vitale's approval. At the time the file was turned over, he indicates that more than 90% of the settlement potential in the case had been realized. He cites this circumstance as evidence that the settlement folder was not necessary for the trial of the case nor the settlement of the case. With respect to the medical records, he characterizes the "missing" document as nothing more than a medical chronology prepared by a nurse consultant. While he doubts that Shainwald could remember what was in a specific file, he points out that a search of his office's computer systems has failed to reveal that his office ever received the chronology for Vitale.

Apparently as circumstantial evidence of intent, Shainwald's counsel has submitted affidavits from two DES plaintiffs and the husband of a deceased DES plaintiff, all of whom recite the efforts by the Morelli law firm to deter them from having Shainwald as their attorney. In disposing of this application, I have not considered this material. A business dispute or divorce, as it were, between plaintiff's personal injury attorneys is unseemly to say the least; however, the purpose of Judge Weinstein's order was to facilitate the progress and disposition of

DES cases and not to mediate or otherwise resolve the argument between Shainwald and the Morelli firm.

In the absence of a stay, and the record does not indicate that one was sought, there was no good reason for failing to obey Judge Weinstein's order. If the parties are foolish enough to be unable to come to an agreement about fees, the Court has the power to determine who is entitled to what after the settlements have been reached. *See Schneider, Kleinick, etc. v. City of New York,* 302 A.D.2d 182, 190, 754 N.Y.S.2d 220, 225 (1st Dep't 2002). The only issue is how much attorney time and effort were reasonable in order to obtain compliance.

The issue of turning over a file pursuant to a court order primarily concerns a business and not a legal problem. A paralegal was as capable as an attorney of contacting the Morelli law firm to seek compliance and/or learn when compliance was going to be forthcoming. In fee shifting cases, clients do not recover attorney hourly rates for services that may be performed with less expense by a paralegal. *See, e.g., Diaz v. Paragon Motors of Woodside, Inc.,* No. CV-03-6466 (CPS) (E.D.N.Y. Oct. 1, 2007)(2007 Westlaw 2903920 at *10); *Access 4 All, Inc. V. Hi 57 Hotel, LLC.,* No. 04 Civ. 6620 (GBD) (FM) (S.D.N.Y. Jan. 26, 2006) (2006 Westlaw 196969 at *3); *Tlacoapa v. Carregal,* 386 F. Supp.2d 362, 372 (S.D.N.Y. 2005); *Kapoor v. Rosenthal*, 269 F. Supp.2d 408, 414 (S.D.N.Y. 2003). As a result, Shainwald's counsel is not entitled to be compensated for 12 hours of attorney time for handling what was largely a business issue and should have been nothing more than a clerical exercise.

After having reviewed the parties' submissions, I have determined that compliance with this Court's order of January 12, 2006 reasonably required no more than three (3) hours of attorney time. The tasks involved in the remaining nine hours of time could have been performed by a paralegal billed at $100 per hour. The net result is that Sybil Shainwald is entitled to recover $2,400 for obtaining compliance with this Court's order. Additionally, as a sanction for non-compliance the law firm of Morelli Ratner, P.C. will pay $100 to the Court.

Based on the foregoing, the Clerk is directed to enter a judgment in favor of Sybil

Shainwald and against Morelli Ratner, P.C. in the amount of two thousand four hundred dollars ($2,400).

SO ORDERED.

Dated: November 6, 2007
Brooklyn, New York

/s/
Joan M. Azrack
UNITED STATES MAGISTRATE JUDGE